IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MEGAN CARTWRIGHT | § | |
| | § | |
| Plaintiff, | § | |
| | § | NO. _____ |
| v. | § | |
| | § | |
| COURTROOM SCIENCES, INC AND | § | |
| PROFESSIONAL TECHNOLOGIES, | § | |
| INC. DBA CSI GLOBAL DEPOSITION | § | |
| SERVICES, INC. | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Megan Cartwright ("Plaintiff" or "Cartwright") hereby files, through her counsel of record, this Original Complaint, on personal knowledge as to all matters regarding herself and upon information and belief as to all other matters, against Courtroom Sciences, Inc. and Professional Technologies, Inc. d/b/a CSI Global Deposition Services, Inc. (collectively "CSI" or "Defendants") and would respectfully show the Court as follows:

### I.
### NATURE OF SUIT

1. This claim arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), including the Pregnancy Discrimination Act of 1978, and under the Family Medical Leave Act. As set forth in more detail below, Plaintiff was discriminated against and ultimately terminated by CSI because of her gender, pregnancy status, and in retaliation for engaging in protected conduct. In addition, CSI interfered with Plaintiff's rights under the FMLA. Said conduct has damaged Plaintiff within the jurisdictional limits of this Court as to be determined by a jury.

## II.
## JURISDICTION AND VENUE

2. This Court has jurisdiction because this controversy is based upon federal questions under Title VII, 42, U.S.C. §§ 2000e et seq. ("Title VII") and the Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601 et seq.

3. Venue for all causes of action stated herein lies in the Northern District of Texas because the acts alleged in this Complaint took place, in whole or in part, within the boundaries of this District, pursuant to 28 U.S.C. § 1391.

## III.
## PARTIES

4. Plaintiff Megan Cartwright is an individual residing in Hood County, Texas.

5. Defendant Courtroom Sciences, Inc. is a Texas corporation with its principal place of business in Dallas County, Texas.  Courtroom Science, Inc. may be served with service of process upon its registered agent in the state of Texas, Brent Dobbs at 4950 N. O'Connor Road, Irving, Texas 75062.

6. Defendant Professional Technologies, Inc. d/b/a CSI Global Deposition Services, Inc. is a Texas corporation with its principal place of business in Dallas, County, Texas and may be served with process upon its registered agent in the state of Texas, Brent Dobbs at 4950 N. O'Connor Road, Irving, Texas 75062.

## IV.
## FACTS APPLICABLE TO ALL COUNTS

7. Defendant Courtroom Sciences, Inc. and its affiliated company Professional Technologies, Inc. d/b/a CSI Global Deposition Services, Inc. is a litigation support company that

provides consulting and deposition services as well as records retrieval.

8. Plaintiff was employed by CSI as an Account Executive for approximately three years until her termination on or about November 9, 2018 – ten days before she was scheduled to give birth by c-section.

9. As an Account Executive, Plaintiff was responsible for prospecting and securing new business and maintaining business that she brought to CSI. In fact, Plaintiff brought significant business to CSI from various firms and attorneys she had developed prior to working for CSI. Plaintiff, like all Account Executives, received a salary and commissions based on the the number of sales made.

10. In May of 2018, Plaintiff informed CSI that she was pregnant. Approximately 30 days after doing so, Plaintiff was written up and put on Performance Improvement Plan ("PIP") for allegedly not hitting a "monthly quota." To Plaintiff's knowledge, this was first time CSI required her to hit a monthly "quota." In the past, CSI had referred to business generation by Account Executives as "goals." In fact, there were times in prior years that Plaintiff – like most CSI employees, had not hit her "goals" yet received no discipline from Defendant. It was not until Plaintiff informed CSI of her pregnancy that CSI began to scrutinize her work and threaten her with termination. On information and belief, similarly situated Account Executives (males and non-pregnant employees) did not hit their "quotas" or "goals" and were not disciplined or placed on a PIP.

11. Following placement on the PIP, Plaintiff made efforts to hit the required quota. She requested help from her managers as to how to develop more business but no help was provided. In contrast, similarly situated Account Executives were "gifted" accounts to help them hit their respective goals. Plaintiff complained to her manager that she was being treated differently than these Account Executives and her manager responded that she was "being a lazy sales rep."

12. On September 28, 2018, Plaintiff was asked to resign by CSI. Plaintiff refused to do so citing concerns about her pregnancy status and needing to work. Despite Defendants resistance to help

PLAINTIFF'S COMPLAINT – PAGE - 3

her, Plaintiff continued her efforts to hit the numbers demanded by Defendants. On information and belief, Plaintiff hit her "quota" in the last month of her PIP before the PIP expired. Based on her efforts, Plaintiff believed she had met the PIP requirements for the last month. Even so, and without notice, Plaintiff was terminated on November 9, 2019 – a mere 10 days before she was scheduled to have a C-Section.

13. Prior to her termination, Plaintiff informed CSI that she would need time off to give birth. Plaintiff asked to speak to HR and was informed by her supervisor "not to worry about talking to HR" At no point was Plaintiff provided any information or assistance regarding her rights under the Family Medical Leave Act.

14. Plaintiff filed a charge of discrimination against Courtroom Sciences Inc. with the Equal Employment Opportunity Commission and the Texas Workforce Commission on February 8, 2019. The EEOC issued a right to sue on this charge on February 15, 2019.

## V.
## CAUSES OF ACTION

### FIRST COUNT
### GENDER DISCRIMINATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT

15. The foregoing paragraphs of this Complaint are incorporated in this Count as fully as if set forth at length herein.

16. Plaintiff is an employee within the meaning of Title VII.

17. Defendants are employers within the meaning of Title VII.

18. All conditions precedent to filing this action for discrimination under federal law have been met. Plaintiff timely filed her charge of discrimination on the basis of gender with the EEOC, and the EEOC has within ninety (90) days of filing this lawsuit issued Notice of Right to Sue to Plaintiff.

19. Defendants have violated Title VII, as amended, by discriminating and/or retaliating against

Plaintiff in connection with compensation, terms, conditions or privileges of employment because of Plaintiff's gender, pregnancy status, and because Plaintiff engaged in protected activity

20. Defendants have engaged in a single, continuous course of conduct of discrimination and retaliation against Plaintiff because of her gender in order to destroy Plaintiff, her career, and her professional life.

21. Defendants maliciously and recklessly violated their own established rules and procedures. Such discrimination by Defendants against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Defendants for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other nonpecuniary losses. Further, this discrimination was done by Defendants with malice or with reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore also entitled to recover punitive damages.

22.    Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. §§ 42 USC 2000e-5(k).

## SECOND COUNT – RETALIATION UNDER TITLE VII

23. The foregoing paragraphs of this Complaint are incorporated in this Count by reference as if set forth at length herein.

24. Defendants have retaliated against Plaintiff for engaging in protected activities by, among other things, terminating Plaintiff. Defendants have thereby intentionally engaged in unlawful employment practices prohibited by 42 U.S.C. §§ 2000e et seq.

25. All conditions precedent to filing this action for discrimination and retaliation under federal law have been met. Plaintiff timely filed her charge of retaliation based upon protected activities.

26. Defendants have engaged in a single continuous course of conduct of retaliation against Plaintiff.

27. Such retaliation by Defendants against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover reinstatement and damages from Defendants for back pay, front pay, future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses. Further, this retaliation was done by Defendants with intentional malice or with reckless indifference to Plaintiff's protected rights. Such retaliation constitutes gross, wanton, reckless, and/or intentional violation of Plaintiff's rights. Plaintiff is therefore also entitled to recover punitive and/or liquidated damages. Plaintiff is also entitled to recover all costs of Court, and attorney's fees.

## THIRD COUNT
## DISCRIMINATION/RETALIATION AND INTERFERENCE UNDER THE FMLA

28. The foregoing paragraphs of this Complaint are incorporated in this Count as fully as if set forth at length herein.

29. Plaintiff is an employee within the meaning of the Family Medical Leave Act and made efforts to take leave consistent with the Act.

30. Defendants are employers within the meaning of the FMLA.

31. All conditions precedent to filing this action for discrimination under Federal law have been met.

32. Defendants have violated the FMLA, as amended, by discriminating and/or retaliating against Plaintiff in connection with compensation, terms, conditions or privileges of employment because Plaintiff engaged in protected activity by attempting to take leave protected by the FMLA.

33. Alternatively, Defendants interfered with Plaintiff's efforts to take leave protected by the FMLA.

34. Defendants have engaged in a single, continuous course of conduct of discrimination and retaliation against Plaintiff because of Plaintiff's efforts to take FMLA leave.

35. Plaintiff is entitled to an award of attorney fees and costs under the FMLA.

35. Such discrimination by Defendants against Plaintiff was intentional and against their own established rules and procedures. Accordingly, Plaintiff is entitled to recover damages from Defendants for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other non pecuniary losses. Further, this discrimination was done by Defendants with malice or with reckless indifference to Plaintiff's protected rights. Plaintiff is therefore also entitled to recover punitive damages.

VI.

JURY DEMAND

Plaintiff hereby requests a trial by jury.

VII.
REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that on final trial, Plaintiff have and recover the following relief against Defendants:

    a. Judgment for actual damages in the amount of past and future lost earnings and benefits and damages to past and future earnings capacity as well as lost retirement benefits;
    b. Judgment for back pay and front pay as allowed by law;
    c. Judgment for past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other nonpecuniary losses;
    d. Damages for past and future mental anguish, emotional distress, and physical distress;
    e. Exemplary damages in an amount to be determined by the trier of fact;
    f. Prejudgment and post-judgment interest at the maximum legal rate;
    g. All costs of Court;
    h. Attorneys' fees;
    i. Such other and further relief to which Plaintiff may be justly entitled.

Dated: May 16, 2019

Respectfully submitted,

/s/ Clay A. Hartmann
Clay A. Hartmann
Attorney-in-Charge
Texas State Bar No. 00790832
THE HARTMANN FIRM, PC
6677 Gaston Avenue
Dallas, Texas 75214
214-828-1822
ATTORNEYS FOR PLAINTIFF MEGAN
CARTWRIGHT